[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff (wife) and the defendant (husband) were married on July 17, 1969, approximately 25 years ago, in Lawton, Oklahoma. Their two children, Amy and Kevin Sullivan, have both reached their majority and neither party has a legal obligation to support them. The husband, however, has voluntarily been paying college tuition they incurred listed at about $14,000 on his financial affidavit. The parties enjoyed an expensive and comfortable lifestyle during their twenty-six year marriage.
The wife is 47 years old and has been the traditional homemaker and mother during most of this marriage. The wife has also worked part time selling real estate, owned a painting business and sold antiques on consignment. She has earned up to $10,000 annually at her part time jobs.
The wife has been treated for a chronic virus known as Epstein-Bar virus, which is mostly controlled by medication, and she has been able to work and in general, to live a normal life. Her current financial affidavit lists no income from employment but indicates expenses of approximately $5,000 a month. Based on this affidavit, the wife urges the court to award her lifetime periodic alimony of $70,000 a year pursuant to § 46b-82 of the General Statutes. In addition, she requests a lump sum alimony award of $75,000 pursuant to § 46b-81 of the General Statutes. CT Page 9984
The husband is 50 years of age and in general good health. He is employed at Yale New Haven Hospital as director of computer operations. In 1993, he earned about $140,000 as a base salary, with an additional bonus of about $25,000. His net taxable income for 1993 was $132,071, and after taxes about $100,000. His financial affidavit lists $525 in savings and checking accounts.
In determining alimony under General Statutes § 46b-82, the court must weigh the station in life or standard of living of the parties in light of the statutory factors, Blake v. Blake,207 Conn. 217, 222 (1988), and it must base financial orders on current income and expenses. Watson v. Watson, 20 Conn. App. 551,558-59 (1990).
This court has carefully considered all the criteria of §§46b-81 (assignment of assets), 46b-82 (the alimony statute) and46b-62 (attorney's fees). It has also considered the present needs of both parties based on their respective financial affidavits and their testimony and the evidence presented in arriving at the following findings and orders.
1. The marriage has broken down irretrievably and is dissolved on the ground of irretrievable breakdown pursuant to 46b-40(c)(1). Both parties admitted to having an extramarital affair during the marriage. The court finds that they drifted apart as the children reached their majority and found they had little in common. Marital counseling did not improve their relationship. The court finds neither party at fault.
2. Sale of the marital home in Trumbull, Connecticut. The parties testified that neither of them have a need for a large single family home now that their two children have reached majority. With this in mind, the parties have agreed to immediately list the home for sale for $250,000. In the event the home is not sold immediately, the husband may reduce the sales price up to $7,500 a month beginning November 1, 1994, to effectuate a sale. The wife shall have exclusive possession of the home until it is sold. The husband shall continue to pay the costs of maintaining the home until sold. Upon the sale of the home, after deducting all debts and expenses related to the sale, the net proceeds shall be divided equally between the parties.
The court reserves jurisdiction until the sale of this real CT Page 9985 estate in the event of any dispute.
3. The husband shall pay periodic alimony of $1,200 a month to the wife until the marital home is sold. Upon the sale of the marital home, he shall pay periodic lifetime alimony of $42,000 a year on the first and the fifteenth day of each month in bimonthly installments of $1,750 each to the wife until the death of either party or until the remarriage or statutory cohabitation of the wife.
 Either party may move to modify this award upon a showing of a substantial change of circumstances pursuant to § 46b-86 of the General Statutes.
4. The husband's retirement plan valued at about $147,000 shall be divided pursuant to a Qualified Domestic Relations Order (QDRO) as follows: 50 percent to the wife and 50 percent to the husband.
 The wife shall continue to remain designated as the survivor of said pension where applicable.
5. The husband shall pay the wife one third of the net of any bonus he receives for five (5) years from the date of judgment provided he is still obligated to pay alimony.
6. The husband shall provide for and pay the wife's medical insurance for a period of one year after judgment or until the wife obtains employment, whichever occurs earlier.
7. The husband shall maintain the life insurance policy of $300,000 naming the wife as irrevocable beneficiary.
8. Each party shall be responsible for all outstanding bills personally incurred as of the date of judgment.
9. Each party shall be responsible for paying her or his respective attorney's fees.
10. The husband shall transfer the 1988 Oldsmobile automobile to the wife.
11. The parties shall distribute their household furniture and personal property by agreement. If they are unable to reach an agreement, they are referred to Family Relations for CT Page 9986 mediation.
12. The parties shall file a copy of his or her annual federal income tax return with the other on or before May 1st of each year.
ROMEO G. PETRONI, JUDGE